FILED

NOT FOR PUBLICATION

JAN 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PETER REGINALD WRIGHT,

Defendant - Appellant.

No. 08-10478

D.C. No. 2:05-cr-00377-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted January 11, 2011
San Francisco, California

Before: SCHROEDER, RAWLINSON, and BEA, Circuit Judges.

Peter Reginald Wright appeals his jury conviction of possession with intent

to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii).  The

district court denied Wright's motion to suppress the evidence found in a search of

his vehicle after it was pulled over on a traffic stop.  Although Wright challenged

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

every aspect of the stop and eventual search, the district court, after an evidentiary hearing, credited the testimony of the trooper, who made the stop and conducted the search. The trooper gave three valid reasons for stopping Wright: (1) he was speeding; (2) he made an unsafe lane change; and (3) he failed to signal when changing lanes. Thus, it is irrelevant whether the trooper had other, subjective reasons for stopping Wright. The record supports the district court's findings and there was no legal error. We therefore affirm the denial of the motion to suppress.

There was no error in connection with the use of a demonstrative aid to the fingerprint evidence. The aid was provided to defense counsel and was not admitted into evidence. The fingerprint evidence itself was also provided to defense counsel, as well as the summary of the expert's testimony required under Federal Rule of Criminal Procedure 16(a)(1)(G).

Wright claims there was error in connection with the uninvited reference on the part of the fingerprint expert to a reviewer. The government offered to make the reviewer available for examination and cross-examination, but for whatever reason the reviewer did not become a witness. It would have been good tactical strategy in any event to decline to call an additional witness who could confirm the defendant's fingerprints were on the contraband.

In light of the overwhelming evidence of Wright's guilt, to the extent there was any error, it was harmless. *United States v. Larson*, 495 F.3d 1094, 1108 (9th Cir. 2007).

There was no error in the admission of the narcotics expert's testimony. All requirements of the relevant rules were observed, and the witness testified only to relevant issues in the case. *United States v. Vallejo*, 237 F.3d 1008 (9th Cir. 2001), amended, 246 F.3d 1150 (9th Cir. 2001), is not on point because the expert here did not testify concerning issues that were outside the scope of the case.

**AFFIRMED**.